# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 05 CR 375 |
| | ) | |
| PATRICK HROBOWSKI, | ) | |
| | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Patrick Hrobowski's ("Hrobowski") pre-trial motions. For the reasons stated below, we grant in part and deny in part the pre-trial motions.

## DISCUSSION

### I. Motion for Leave to File Additional Pre-trial Motions

Hrobowski first requests leave to file additional pre-trial motions after the August 25, 2005, deadline. Hrobowski states in his motion filed on August 25, 2005, that he intended to file a motion to suppress evidence and a motion to dismiss the indictment. According to Hrobowski, as of August 25, 2005, the government had not produced evidence such as the fingerprint analysis of the gun at issue, which Hrobowski contends he needs before he can determine if such additional motions are

1

needed. Since the briefing period for Hrobowski's initial pre-trial motions, Hrobowski has filed a motion to quash his arrest and to suppress evidence and apparently chose not to file a motion to dismiss the indictment. We grant Hrobowski's motion to file additional pre-trial motions, but only to the extent that the motion requests that we consider the motion to quash the arrest and suppress evidence. If Hrobowski desires to file any additional pre-trial motions, he must file another motion seeking leave.

II. Production of Government Witnesses

Hrobowski also requests that the court order the government to immediately provide him with the names and addresses of all witnesses it intends to call at trial. Hrobowski cites to no legal authority in his motion that would entitle him to such disclosures by the government and provides no special circumstances that would warrant such relief. *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987)(stating that there is no requirement of advance notice of government witnesses although in certain special circumstances a court can order such notice). Hrobowski will learn the identities of the government's witnesses in the ordinary course of pre-trial disclosures, made in accordance with the Jenks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). and *Giglio v. United States*, 405 U.S. 150 (1972). Therefore, we deny Hrobowski's motion requesting the disclosure of all government witnesses and their addresses.

III. Production of Tapes, Logs, and Requisition Forms

Hrobowski also requests that the court order the government to produce any surveillance video tapes, police dispatch tapes, and felony review logs involved in this case. Hrobowski also requests the production of any requisition forms made by the Maywood Police Department. The government indicates that it has notified Hrobowski that all such records in the government's possession are available for Hrobowski's inspection, and once copies are made, the government will provide Hrobowski with a copy of any requested records. The government notes, however, that the surveillance tapes involved in this case are not in the government's possession. Therefore, Hrobowski's motion requesting the production of surveillance video tapes, police dispatch tapes, felony review logs, and requisition forms is denied as moot to the extent that such materials are in the government's possession and denied to the extent that such materials are not in the government's possession.

IV. Rule 404(b) Evidence

Hrobowski also requests that the court order the government to provide immediate notice of the government's intention to use "other crimes, wrongs or acts" evidence at trial pursuant to Federal Rule of Civil Procedure 404(b). The government acknowledges that it has such an obligation under 404(b), but states that

it intends to produce such evidence two weeks prior to trial. Such a deadline for this production is reasonable. Therefore, we deny Hrobowski's motion for the production of "other crimes, wrongs or acts" evidence as moot.

V. Early Return of Subpoenas

Hrobowski requests that the court order the early return of trial subpoenas and that Hrobowski's trial subpoena's be issued *in forma pauperis*. The government does not object to the early return of trial subpoenas and we grant the motion for the early return of trial subpoenas. In regard to the issuance of Hrobowski's subpoenas *in forma pauperis*, Hrobowski has not provided the court with a financial statement that would enable the court to properly assess his financial situation, and therefore his motion for the issuance of subpoenas *in forma pauperis* is denied without prejudice.

VI. *Brady and Giglio* Materials

Hrobowski requests that the government produce all information required in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government acknowledges its ongoing duty to provide such information and indicates that it has been forthcoming thus far in this case. Therefore, Hrobowski's motion requesting the production of *Brady* and *Giglio* material is denied as moot.

## VII. Preservation of Notes

Hrobowski requests that the court order the government to preserve all notes, logs, and memoranda prepared by the government agents and attorneys. The government agrees that all of its agents involved in this case will preserve their notes, meaning all handwritten notes made by agents during interviews and prospective witnesses. Thus, in regard to the preservation of such notes, the motion is denied as moot and to the extent that Hrobowski seeks further preservation, his motion is denied. In addition, we are only ruling that the government must preserve such notes and are not ruling that the government must produce such documents to Hrobowski.

## VIII. Motion to Quash the Arrest and Suppress Evidence

Hrobowski moves to quash his arrest and suppress the introduction of evidence found in his car. Hrobowski is charged in this case with being a felon in possession of a firearm with an obliterated serial number. On September 6, 2004, one of the arresting Maywood Police Officers, Officer Wheeler, has contended that he saw August Palmer hand Hrobowski a pair of black jeans with a handgun sticking out of the pocket. Hrobowski then got into the car and was sitting in the back seat of a car being driven by Alnita Lockett when the officers pulled over the car. The officers searched the car and discovered a gun in the back seat. Hrobowski contends

that Officer Wheeler did not see a gun handed to Hrobowski before he got into the car and argues that Officer Wheeler's version of events is not credible. Hrobowski contends that the gun in the car was not in plain view and that the arresting officers had no cause to search the interior of the vehicle where they discovered the gun. The government has argued that there are not material factual issues in dispute regarding the arrest and the search of the car that would warrant holding an evidentiary hearing. We agree with the government and we deny the motion to quash the arrest and suppress evidence.

## CONCLUSION

Based on the foregoing analysis, we grant in part Hrobowski's motion to file additional pre-trial motions. We deny the motion for the immediate production of pre-trial witnesses. We deny the motion for the production of tapes, logs, and requisition forms. We deny the motion for the production of "other crimes, wrongs or acts" evidence. We grant the motion for the early return of trial subpoenas and deny without prejudice the request that Hrobowski's subpoenas be issued *in forma pauperis*. We deny the motion for the production of *Brady* and *Giglio* materials as moot. We deny the motion for the preservation of notes as moot. Finally, we deny the motion to quash the arrest and suppress evidence.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 30, 2005