**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 05 CR 375** |
| | ) | |
| | ) | |
| **PATRICK HROBOWSKI,** | ) | |
| | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

## MEMORANDUM OPINION

This matter is before the court on Defendant Patrick Hrobowksi's ("Hrobowski") motion for a judgment of acquittal notwithstanding the jury verdict and motion for a new trial. For the reasons stated below, we deny both motions.

## BACKGROUND

Hrobowski was charged by indictment in this action with being an individual "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," and who knowingly possessed a firearm in violation of 18 U.S.C. § 922(g)(1) (Count I). Hrobowski was also charged with knowingly possessing a firearm "which has had the importer's or manufacturer's serial number removed, obliterated, or altered " in violation of 18 U.S.C. § 922(k) (Count II).

On March 6, 2006, a jury trial commenced in this action and on March 8, 2006, the jury returned a verdict, finding Hrobowski guilty on both Counts. Hrobowski has now filed a motion for a judgment of acquittal notwithstanding the jury verdict and a motion for a new trial.

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for an acquittal under Federal Rule of Criminal Procedure 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten*, 170 F.3d 790, 794 (7th Cir. 1999))(quoting in addition *United States v. Granados*, 142 F.3d 1016, 1019 (7th Cir.1998) for the proposition that a court should "overturn the jury's verdict only if the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt'"); *see also United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable

doubt")(citations omitted); *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(stating that a defendant who challenges the sufficiency of the evidence "faces a nearly insurmountable hurdle")(citation omitted).

A court may provide a defendant found guilty of a crime by a jury with a new trial under Federal Rule of Criminal Procedure 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed to the sound discretion of the trial judge." *United States v. Gillaum,* 372 F.3d 848, 857-58 (7th Cir. 2004). In determining whether to grant a new trial, a court should exercise "great caution" and be "wary of second guessing the determinations of the . . . jury." *Id.* (citing *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)).

## DISCUSSION

I. Motion For Acquittal Notwithstanding the Jury Verdict

Hrobowski argues that the jury verdict was not supported by sufficient evidence to find him guilty beyond a reasonable doubt. Hrobowski contends that the testimony of Government witnesses such as Officer Wheeler and August Palmer was incredible and inconsistent with other evidence. The credibility of witness testimony is a determination that can be made solely by the trier of fact. *United States v. Griffin*, 194 F.3d 808, 817 (7th Cir. 1999). A court may overturn a conviction on the basis that the jury erred in its credibility determination only if "a witness's testimony

was incredible as a matter of law." *Id.* (citations omitted)(stating also that "[t]o make the necessary showing that certain evidence is 'incredible as a matter of law' or 'unbelievable on its face,' [the defendant] must demonstrate that it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all").

Hrobowski contends, for example, that there were discrepancies between the information mentioned on the police dispatch tape and the testimony presented at trial. Hrobowski also contends that Officer Wheeler's testimony that he could see the gun in question as he neared the vehicle in which Hrobowski was located is not believable testimony. Hrobowski further contends that the testimony is suspect because of the lack of evidence showing that Officer Wheeler warned other officers of the presence of the gun. However, it was the role of the jury to assess the credibility of the testimony of witnesses and to assess whether any inconsistencies existed in their testimony. Hrobowski has not pointed to evidence that shows that the testimony of the government witnesses was utterly unreliable or inherently false, and we cannot second guess credibility determinations by the jury. Hrobowski also points to evidence indicating that Officer Wheeler had communicated to Hrobowski's trial attorney that he wanted Hrobowski "off the streets." (Mot. Acqu. 4). However, such evidence does not conclusively prove Hrobowski's innocence and the jury was free to accord the evidence whatever weight that it deemed proper. There was ample evidence of Hrobowski's guilt presented at trial and Hrobowski has

not shown that there was insufficient evidence upon which the jury could have found him guilty beyond a reasonable doubt. Therefore, we deny the motion for an acquittal notwithstanding the jury verdict.

II. Motion for a New Trial

Hrobowski contends that he is entitled to a new trial because it would be in the interest of justice. Hrobowski contends vaguely that the "Court committed error during trial by allowing, over defense objection, all jury instructions objected to by the defense or tendered by the defense and denied by this Court." (Mot. New 2). However, other than this blanket statement, Hrobowski fails to point to any specific fault in the court's rulings, make any arguments, or cite legal support for his position. The court's rulings in regard to the jury instructions were proper and there has been no showing by Hrobowski that any error was made by the court.

Hrobowski also argues that the court erred in denying his motion in limine and overruling his objections at trial to preclude the introduction of communications made by police officers regarding "Band 2 transmissions," or "off dispatch transmissions." (Mot. New 2). Hrobowski offers no arguments or legal support, and instead vaguely seeks to incorporate other arguments made in his motion. (Mot. New 2). Hrobowski is moving for a new trial, and as the movant it is his burden to show that the interest of justice demands a new trial by presenting his arguments and support. Hrobowski cannot simply allude vaguely to statements made during the

trial. *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005)(indicating that it is the convicted defendant's burden to show that a new trial is warranted). There has been no showing by Hrobowski that the court erred in barring the above-mentioned communications.

Hrobowski also contends in one cursory sentence that the "jury did not reflect a fair cross-section of the community in violation of his Fifth Amendment Right to Due Process and trial by a jury of his peers." (Mot. New 2). Hrobowski, however, fails to point to any specific errors in the jury selection process and has not shown that the court made any error during jury selection. Hrobowski also contends that he should get a new trial because "[e]vidence that was not relevant and was unfairly prejudicial was received at trial, over objection by counsel . . . ." (Mot. New 2). Hrobowski fails, however, to point to the specific "evidence" he references in his statement. *See United States v. Andreas*, 150 F.3d 766, 769 (7th Cir. 1998)(stating that "perfunctory and undeveloped arguments (even constitutional ones) are waived"). It is Hrobowski's burden as the movant to point to specific evidence that he believes was improperly admitted and he cannot simply refer to the entire trial transcript as his argument in support of this motion. *McGee*, 408 F.3d at 979. Hrobowski has failed to show that the court erred in any regard in the admission of evidence at trial.

Hrobowski also contends that the court erred for a variety of other reasons, such as failing to correct alleged discovery violations, denying a motion to suppress, limiting the defense's ability to cross-examine witnesses, and failing to strike perjured testimony. Other than the laundry list of errors, Hrobowksi, for the majority of the alleged errors, offers no arguments that indicate why the court's rulings were

in error and offers no legal support for his contentions. For the alleged errors that do have any arguments, there is merely a cursory sentence or two and no legal support for the argument. Hrobowski must do more than simply state, for example, that the "Court improperly denied motions to suppress statements." (Mot. New 3). Hrobowski must address which statements he thinks were improperly admitted and explain why he, the movant, believes that the court erred. *McGee*, 408 F.3d at 979; *Andreas*, 150 F.3d at 769. There has been no showing by Hrobowski that the Court erred in any of the various rulings about which Hrobowski complains. Also, in particular, Hrobowski's contention that the testifying officers comitted perjury is simply based on his belief that the testimony of the officers was incredible and inconsistent with other evidence. However, as is indicated above, it is the function of the jury to make such credibility determinations. *Griffin*, 194 F.3d at 817.

Finally, Hrobowski contends that he received ineffective assistance of counsel at trial. Hrobowski argues that his counsel should have withdrawn from the case so that counsel could have testified about counsel's conversation with Officer Wheeler, during which Officer Wheeler told counsel that he wanted to get Hrobowski "off the streets." (Mot. New 4). However, Officer Wheeler testified at trial, and on cross examination Officer Wheeler admitted to making such a statement to Hrobowski's counsel. Thus, additional testimony by Hrobowski's counsel was unnecessary. Hrobowski also contends that his trial counsel failed to call certain witnesses or subpoena certain evidence. Whether or not, in hindsight, Hrobowski agrees with all of his trial counsel's decisions is irrelevant. Hrobowski has failed to show that his trial counsel did not pursue his defense in a diligent and professional manner. Therefore, based on all of the above, we deny the motion for a new trial.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for an acquittal notwithstanding the jury verdict and we deny the motion for a new trial.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 16, 2006